UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>    v.<br><br>NECO DISTRIBUTION, LLC,<br><br>                             Defendant. | Civ. Action No. 8:22-cv-42 (BKS/CFH) |

## **COMPLAINT**

Plaintiff, the United States of America, by authority of the Attorney General of the United States and acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## **NATURE OF ACTION**

1. This is a civil action against NECO Distribution, LLC ("NECO" or "Defendant") pursuant to Sections 205(b) and 211(d) of the Clean Air Act (the Act), 42 U.S.C. §§ 7524(b) and 7545(d), seeking penalties for Defendant's violations of the regulations prescribed under Sections 202(l) and 211(c), (h), and (k) of the Act, 42 U.S.C. §§ 7521(l) and 7545(c), (h), and (k), and promulgated at 40 C.F.R. Part 80 (2019). In 2020, the subject regulations were consolidated and reissued at 40 C.F.R. Part 1090. The citations in this Complaint are to the regulations in place at the time of the alleged violations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims arising under the Act and the parties pursuant to Sections 205(b) and 211(d) of the Act, 42 U.S.C. §§ 7524(b) and 7545(d), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

3. The United States district courts are authorized to restrain violations, award other appropriate relief, and assess civil penalties for violations of Section 211 of the Act, 42 U.S.C. § 7545, and the regulations promulgated thereunder. *See* 42 U.S.C. §§ 7524(b) and 7545(d).

4. Venue is proper in this District under Section 205(b) of the Act, 42 U.S.C. § 7524(b), and 28 U.S.C. §§ 1391(b) and 1395(a) because Defendant's primary place of business is located in this District and the violations that are the basis of this Complaint occurred in this District.

## AUTHORITY

5. The United States Department of Justice has authority to bring this action on behalf of the Administrator of the EPA under 28 U.S.C. §§ 516 and 519 and Section 305(a) of the Act, 42 U.S.C. § 7605(a).

## PARTIES

6. Plaintiff United States of America is acting at the request and on behalf of the EPA.

7. Defendant NECO Distribution, LLC is a non-operating fuel importer and distributor that imported gasoline from Canada and distributed the imported gasoline to retail stations located in Indian country within the boundaries of New York State. During the relevant time period, NECO was based in Hogansburg, New York, which is located within the boundaries of the St. Regis Mohawk Reservation in New York State.

## STATUTORY AND REGULATORY PROVISIONS

8. Section 211(c) of the Act, 42 U.S.C. § 7545(c), grants the EPA authority to regulate fuels that contribute to air pollution that endangers public health or welfare, or that impairs emission control equipment.

9. Section 202(l)(2) of the Act, 42 U.S.C. § 7521(l)(2), provides that the EPA shall promulgate, and from time to time revise, regulations containing reasonable requirements to control hazardous air pollutants from motor vehicles and motor vehicle fuels, including benzene.

10. Section 211(h) of the Act, 42 U.S.C. § 7545(h), requires the EPA to promulgate regulations prohibiting the sale of gasoline that exceeds certain volatility standards during the high ozone season.

11. Section 211(k)(8) of the Act, 42 U.S.C. § 7545(k)(8), provides that the EPA shall promulgate regulations ensuring that gasoline sold or introduced into commerce does not result in emissions of certain pollutants in excess of emissions of the pollutants attributable to gasoline sold or introduced into commerce in calendar year 1990.

**A.** **Gasoline Annual Average Benzene Standard**

12. Under Section 211(c)(1) of the Act, 42 U.S.C. § 7545(c)(1), the EPA may adopt a fuel control if at least one of the following criteria is met: (1) the emission products of the fuel cause or contribute to air pollution that may reasonably be anticipated to endanger public health or welfare; or (2) the emission products of the fuel will significantly impair emissions control systems in general use or emissions control systems that will be in general use were the fuel control to be adopted.

13. Section 202(l)(2) of the Act, 42 U.S.C. § 7521(l)(2), provides that the EPA shall promulgate, and from time to time revise, regulations containing reasonable requirements to control hazardous air pollutants from motor vehicles and motor vehicle fuels, including benzene.

14. Pursuant to its authority under Sections 202(l)(2) and 211(c)(1) of the Act, 42 U.S.C. §§ 7521(l)(2) and 7545(c)(1), the EPA promulgated regulations at 40 C.F.R. Part 80 (2019), Subpart L ("Gasoline Benzene Regulations"), that requires importers to limit the amount of benzene contained in gasoline they import. 72 Fed. Reg. 8428 (Feb. 26, 2007).

15. The Gasoline Benzene Regulations require each importer to meet an annual average benzene standard of 0.62 volume percent. 40 C.F.R. § 80.1230(a)(1) (2019).

16. Under certain conditions, the regulations allow an importer to carry a deficit with respect to the annual average benzene standard forward for one calendar year. *See* 40 C.F.R. § 80.1230(c) (2019). Further, compliance with the annual average benzene standard may be achieved through the use of credits. 40 C.F.R. § 80.1295(a)(1) (2019).

**B.     Gasoline Volatility (RVP) Standard**

17. Section 211(h) of the Act, 42 U.S.C. § 7545(h), requires the EPA to promulgate regulations making it unlawful for any person during the high ozone season to sell, offer for sale, dispense, supply, offer for supply, transport, or introduce into commerce gasoline with a Reid vapor pressure ("RVP") in excess of 9.0 pounds per square inch (psi).

18. These regulations are found at 40 C.F.R. Part 80, Subpart B (Controls and Prohibitions) and include requirements for controls and prohibitions on gasoline volatility. 40 C.F.R. § 80.27 (2019). From May 1 to September 15 (the regulatory control period), gasoline is required to meet an RVP value of 9.0 psi or less in designated attainment areas. 40 C.F.R. § 80.27(a)(2) (2019).

C. **Gasoline Reporting Requirements for Importers**

19. Pursuant to Section 211(k)(8), the EPA promulgated regulations at 40 C.F.R. Part 80, Subpart E ("Anti-Dumping Regulations") intended to: prevent conventional gasoline sold from being any more polluting than it was in 1990; and ensure that importers do not dump fuel components that are restricted in reformulated gasoline and that cause harmful emissions from conventional gasoline. Among other things, the Anti-Dumping Regulations require importers to submit a report with certain information about each batch of imported gasoline. *See* 40 C.F.R. § 80.105 (2019).

20. Pursuant to Section 211(c) of the Act, 42 U.S.C. § 7545(c), the EPA promulgated regulations at 40 C.F.R. Part 80, Subpart H ("Gasoline Sulfur Regulations") that require each importer to limit the amount of sulfur contained in gasoline that it imports. *See* 65 Fed. Reg. 6698, 6703 (Feb. 10, 2000). Among other things, the Gasoline Sulfur Regulations require importers to submit a report with certain information about each batch of imported gasoline. *See* 40 C.F.R. § 80.370 (2019).

21. The Gasoline Benzene Regulations require importers to submit a report with certain information regarding whether the imported gasoline complied annual average benzene standard. 40 C.F.R. § 80.1354 (2019).

22. Any person who, after January 12, 2009, through November 2, 2015, violates the regulations prescribed under Sections 211(c), (h), and (k) of the Act, 42 U.S.C. §§ 7545(c), (h), and (k), is subject to a civil penalty in the amount of the economic benefit or savings resulting from the violation and up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,762 per day for each violation occurring on or after November 3, 2015. 42 U.S.C. § 7545(d)(1) and 40 C.F.R. § 19.4.

## GENERAL ALLEGATIONS

23. NECO is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

24. NECO is an "importer" within the meaning of 40 C.F.R. § 80.2(r) (2019) and a "distributor" within the meaning of 40 C.F.R. § 80.2(l) (2019).

## FIRST CLAIM FOR RELIEF

**Violations of the Gasoline Annual Average Benzene Standard – Consecutive Year Deficits**

25. The foregoing paragraphs are re-alleged and incorporated by reference.

26. NECO first had a deficit with regard to the gasoline annual average benzene standard in 2012.

27. NECO again had deficits with regard to the gasoline annual average benzene standard in 2013, 2014, and 2015 in violation of 40 C.F.R. § 80.1230(a)(1) (2019).

28. Pursuant to Sections 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), and 40 C.F.R. § 19.4, the violations set forth in Paragraph 27 subject NECO to injunctive relief and civil penalties. Pursuant to 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), NECO is subject to a civil penalty of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,762 per day for each violation occurring on or after November 3, 2015. *See* 40 C.F.R. § 19.4.

## SECOND CLAIM FOR RELIEF

**Violations of the Gasoline Volatility (RVP) Standard**

29. The foregoing paragraphs are re-alleged and incorporated by reference.

30. In May 2013 and May 2014, NECO imported, distributed, and introduced into commerce at least 81 batches of gasoline that exceeded the 9.0 psi gasoline volatility (RVP) standard during the regulatory control period in a designated volatility and attainment area in violation of the applicable standard set forth in 40 C.F.R. § 80.27(a)(2)(i) (2019).

31. Pursuant to Sections 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), and 40 C.F.R. § 19.4, the violations set forth above subject NECO to injunctive relief and civil penalties. Pursuant to 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), NECO is subject to a civil penalty of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,762 per day for each violation occurring on or after November 3, 2015. *See* 40 C.F.R. § 19.4.

## THIRD CLAIM FOR RELIEF

### Violations of the Gasoline Reporting Requirements for Importers

32. The foregoing paragraphs are re-alleged and incorporated by reference.

33. In 2013, 2014, and 2015, NECO failed to submit reports with the information required by 40 C.F.R. §§ 80.105 (Anti-Dumping Regulations), 80.370 (Gasoline Sulfur Regulations), and 80.1354 (Gasoline Benzene Regulations). The failure to submit reports with the required information violated 40 C.F.R. §§ 80.5, 80.395(b)(1) (2019), and 80.1360 (2019).

34. Pursuant to Sections 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), and 40 C.F.R. § 19.4, the violations set forth above subject NECO to injunctive relief and civil penalties. Pursuant to 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), NECO is subject to a civil penalty of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,762 per day for each violation occurring on or after November 3, 2015. *See* 40 C.F.R. § 19.4.

## PRAYER FOR RELIEF

35. WHEREFORE, based on the allegations contained in the foregoing paragraphs, Plaintiff respectfully requests that this Court:

A. Assess a civil penalty against Defendant for each violation of the regulations prescribed under the Act of up to $37,500 per day for each violation occurring between January 13, 2009 and November 2, 2015, and up to $48,762 per day for each violation occurring on or after November 3, 2015, plus the economic benefit or savings resulting from the violation; and

B. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

TODD KIM
Assistant Attorney General
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

JAMES D. FREEMAN
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
999 18th Street – South Terrace, Suite 370
Denver, Colorado 80202
Telephone: (303) 844-1489
James.Freeman2@usdoj.gov